Gad v CCC NFP, Inc. (2026 NY Slip Op 00470)

Gad v CCC NFP, Inc.

2026 NY Slip Op 00470

Decided on February 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 03, 2026

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 654581/21|Appeal No. 5722|Case No. 2024-04680|

[*1]Michael Gad, Plaintiff-Respondent,
vCCC NFP, Inc. Doing Business as Classic Car Club, Defendant-Appellant, John Does 1 through 12, Defendants.

The Shell Law Firm, PLLC, New York (Martin A. Shell of counsel), for appellant.
GS2 Law PLLC, New York (Robert Garson of counsel), for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered June 13, 2024, which granted plaintiff's motion for summary judgment on his breach of contract cause of action, unanimously affirmed, with costs.
Plaintiff alleges that defendant failed to provide a private event space for his son's bar mitzvah in accordance with a contract the parties entered into on December 18, 2019, to reserve the space for May 17, 2020. Plaintiff paid a nonrefundable deposit of $27,218.75 in the form of a check and separately tendered $25,000 in cash for the venue.
Plaintiff established prima facie that the purpose of the contract was frustrated by the COVID-19 pandemic and the executive orders issued in response to the pandemic, which prohibited "[n]on-essential gatherings of individuals of any size for any reason" and was eventually extended through May 28, 2020 (Executive Order [A. Cuomo] Nos. 202.10, 202.31 [9 NYCRR 8.202.10, 8.202.31]). Because the bargained-for exchange between the parties was intended to secure the timing of the event, the purpose of the contract was entirely frustrated by the COVID-19 pandemic and subsequent executive orders, and plaintiff was completely deprived of the benefit of his bargain (see Kay v Heavenly Events & Catering Corp., 241 AD3d 1305, 1306 [2d Dept 2025]). Moreover, although the doctrine of frustration of purpose is not available when the event that prevented performance was foreseeable, the COVID-19 pandemic and eventual prohibition on social gatherings were unforeseeable at the time the parties entered into the contract on December 18, 2019 (id. at 1308). In opposition, defendant failed to raise an issue of fact concerning its performance under the contract or plaintiff's payment.
Although this Court has, in prior decisions, rejected the COVID-19 pandemic as grounds for a finding of frustration of purpose or impossibility, our holdings in those decisions arose from the fact that the agreement's purpose was not totally defeated, but was only partially defeated (see e.g. Pentagon Fed. Credit Union v Popovic, 217 AD3d 480, 481 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2026